IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAYVON GRANT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 5:22-cv-00396-MTT-MSH |
| v. | : | |
| | : | |
| TIMOTHY WARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON PLAINTIFF'S APPLICATION TO APPEAL *IN FORMA PAUPERIS*

*Pro se* Plaintiff Dayvon Grant has filed a Notice of Appeal. ECF No. 156. Plaintiff seeks leave to proceed with his appeal *in forma pauperis*. ECF No. 157.

### Procedural History

Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. On April 10, 2023, Plaintiff's complaint was screened by the Magistrate Judge pursuant to 28 U.S.C. § 1915A. ECF No. 7. The Magistrate Judge determined that Plaintiff's Eighth Amendment claim for failure to protect against Defendants Toby, Hill, Washington, and Redd should proceed for further factual development and ordered service of the complaint as to this claim upon these Defendants. *Id*. at 12-17. However, the Magistrate Judge recommended that Plaintiff's failure to protect claims against Defendant Ward, Ivey, and Wilson be dismissed for failure to state a claim. *Id*. It was also recommended that Plaintiff's conspiracy claims and respondent superior claims against any and all Defendants be dismissed for failure to state a claim. *Id*. at 7-11.

In response to the Magistrate Judge's Order and Recommendation (ECF No. 7), Plaintiff filed a motion to amend his complaint (ECF No. 16) as well as an amended complaint (ECF No.

1

13) that included additional allegations that were not included in Plaintiff's original complaint (ECF No. 1).  The District Judge granted Plaintiff leave to amend his complaint and considered the new allegations in the amended complaint as supplements to the original complaint.  ECF No. 17 at 1-2.  After a thorough review of Plaintiff's complaint (ECF No. 1), Plaintiff's amended complaint (ECF No. 13), and the recommendations of the Magistrate Judge (ECF No. 7), the District Judge adopted all of the findings within the Magistrate Judge's Order and Recommendation (ECF No. 7) except for the recommendation to dismiss Plaintiff's failure to protect claim against Defendant Ivey.  *See* ECF No. 17.  Upon considering Plaintiff's additional allegations as to Defendant Ivey from the amended complaint (ECF No. 13), the District Judge allowed Plaintiff's failure to protect claim against Defendant Ivey to proceed for further factual development and ordered service of this claim be made upon Defendant Ivey.  *See* ECF No. 17 at 6-10.

On February 26, 2025, Defendants filed a joint motion for judgment on the pleadings.  ECF No. 99.   Plaintiff responded (ECF No. 106) and Defendants filed a reply on April 8, 2025 (ECF No. 123). On May 6, 2025, the Magistrate Judge conducted an evidentiary hearing on Defendants' motion for judgment on the pleadings where the parties presented testimony and evidence.  *See* ECF No. 140.  Thereafter, on June 20, 2025, the Magistrate Judge recommended granting the Defendants' motion for judgment on the pleadings finding that Plaintiff filed an untimely grievance and failed to exhaust his available administrative remedies.  ECF No. 146.  Plaintiff objected to the recommendation of the Magistrate Judge.  ECF No. 147.  Upon review of the recommendation of the Magistrate Judge and Plaintiff's objections, the District Judge adopted the recommendation of the Magistrate Judge and granted the Defendants' motion for judgment on the pleadings.  ECF No. 154.  Judgment was entered in favor of the Defendants on August 28, 2025.

ECF No. 155.  On September 2, 2025, Plaintiff filed a Notice of Appeal to the Eleventh Circuit Court of Appeals in which he appeals the granting of the Defendants' judgment on the pleadings and judgment being entered in favor of the Defendants.  ECF No. 156.  Plaintiff seeks leave to appeal *in forma pauperis*.  ECF No. 157.

## Analysis

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*.  First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.  Here, Plaintiff has submitted a certified account statement showing that Plaintiff has not received any deposits into his inmate account since November 13,

3

2024 and that he has only $50.20 on hand that is spendable in his account. ECF No. 163. Plaintiff's account statement further reveals that he owes $93.00 in "obligations/ court charges". ECF No. 163-1 at 1. Therefore, it appears that Plaintiff is presently unable to pay the $605.00 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff raises non-frivolous factual and legal bases for his appeal. *See* ECF No. 156-3. Thus, Plaintiff demonstrates good faith in taking this appeal. Moreover, upon consideration of Plaintiff's certified trust account statement (ECF No. 163), the Court is persuaded that he is unable to pay the filing fee for his appeal. Therefore, Plaintiff's request to proceed with his appeal *in forma pauperis* (ECF No. 157) is **GRANTED**.

**Conclusion**

As explained above, Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 157) is **GRANTED**. Plaintiff's motion for an extension of time (ECF No. 161) is **DENIED as moot** because the Court timely received a certified account statement from the Plaintiff (ECF No. 163).

**SO ORDERED,** this 8th day of October, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
